IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER HENRY, )
)
    Plaintiff, )
)
v. )    Civil Action No. 3:08CV561-HEH
)
AL BASKERVILLE, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Dismissing Action Under 42 U.S.C. § 1983)

Plaintiff, a Virginia prisoner proceeding *pro se*, brings this § 1983 civil rights action.

The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Pursuant to 28 U.S.C. § 636(b), the action was referred to the Magistrate Judge for initial review.

Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
> 
>     "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Allegations

On August 19, 2006, Plaintiff was sleeping in his cell at the Powhatan Correctional Center when another inmate entered Plaintiff's cell and stabbed him. The inmate who stabbed Plaintiff was a member of a gang. According to institutional protocol, the guard should not have opened the door to Plaintiff's cell. Plaintiff contends that "[t]he institution is at fault for not properly training the officers to look for this kind of behavior in the [inmates] and for allowing any inmate to come to the control booth and have someone else[']s door opened without making sure that [the] inmate lives in that cell." (Compl. § IV.) Plaintiff names Al Baskerville, the Warden of Powhatan Correctional Center, and the unknown correctional officer who opened the door to his cell as defendants. Plaintiff demands monetary damages and injunctive relief.

### Analysis

Because 42 U.S.C. § 1983 does not explicitly provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (*citing Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)).

2

> Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West. 2009).
>
> Here, the limitation period commenced on August 19, 2006, the date Plaintiff was stabbed. The present action was not executed until August 22, 2008. Thus, the action is barred by the two-year statute of limitations.
>
> Furthermore, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Plaintiff fails to mention Defendant Baskerville in the body of the complaint, much less allege, as he must, how he personally participated in a violation of his rights. Plaintiff suggests that Defendant Baskerville is respondent under the doctrine of *respondeat superior*. That doctrine, however, is not applicable to § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Accordingly, it is RECOMMENDED the action be DISMISSED.

(Report and Recommendation entered on June 30, 2009.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff has filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to

focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S OBJECTIONS

In his objections, Plaintiff simply insists that he has a viable claim and thus should be allowed to proceed. Plaintiff has not identified any deficiency with respect to the Magistrate Judge's analysis. Specifically, Plaintiff does not explain why any claim relating to the original assault is not barred by the relevant statute of limitations.

Plaintiff further objects that "the Respondents have continued to delay the setting up the appointments for the surgery, which is causing permanent disfigurement to face nerve systems, as well as speech disfunctions [sic]." (Resp. to Motion to Dismiss 2.) Plaintiff, however, fails to allege any facts that suggest Defendant Baskerville or the unknown officer who opened his cell door at Powhatan Correctional Center is or was responsible for any medical care for his person.[1] Accordingly, Plaintiff's objections will be overruled.

The Report and Recommendation will be accepted and adopted, and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

---

[1] Plaintiff is currently confined at the Greensville Correctional Center.

An appropriate Order shall issue.

```
                                          /s/
                                    _____
                                    Henry E. Hudson
                                    United States District Judge
```

Date: **Sept. 3, 2005**
Richmond, Virginia